FILED
2006 Jul-07 AM 10:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| INTEGON GENERAL LIFE INSURANCE CORPORATION, ] ] ] Plaintiff, ] ] v. ] ] BILLY H. WHITE, ] ] Defendant. ] | CV-06-BE-0618-E |

## MEMORANDUM OPINION AND ORDER

This case is before the court on the Intervenor-Defendants' Motion to Set Aside or Amend Judgment (doc. 12). After reviewing the record, the court finds that the Motion is due to be **DENIED**.

Plaintiff Integon General Life Insurance Co. sued Defendant Billy H. White, seeking a declaration of its rights under an automobile insurance policy issued to White's grandparents. Employers Mutual Casualty Co. and King Kohl Food Services, Inc. (hereinafter the "Intervenor-Defendants") filed a Motion to Intervene. *See* doc. 5. Attached to that Motion was an Answer and Counterclaim against Integon. *Id*. On May 18, 2006, this court granted the Motion to Intervene. *See* docket entry dated May 18, 2006. However, subsequent to that Order, the Intervenor-Defendants did not file their Answer and Counterclaim.

On May 31, 2006, Integon filed an Amended Motion for Default Judgment (doc. 8). Two weeks later, on June 13, 2006, the court granted Integon's Motion and declared that Integon had no duty to indemnify or defend White for the events giving rise to this lawsuit. *See* doc. 9. Accordingly, the case was dismissed. Two days later, on June 15, 2006, the Intervenor-Defendants filed their Answer and Counterclaim (doc. 10), a Crossclaim (doc. 11), and a Motion

to Set Aside or Amend Judgment (doc. 12). As grounds for their Motion to Set Aside Judgment, the Intervenor-Defendants state: (1) they were unaware that they needed to file an Answer and Counterclaim after the court granted the Motion to Intervene; and (2) they were preparing a Crossclaim against White, but the court entered default judgment before they could file it.

The Intervenor-Defendants' arguments are not persuasive. Even if the Answer and Counterclaim had been timely filed, the Counterclaim was due to be stricken because the Intervenor-Defendants are not a party to the insurance contract between Integon and the Mills; accordingly, that Counterclaim fails on the grounds of standing and ripeness.[1] Moreover, the court notes that the Intervenor-Defendants had two weeks from the time Integon filed its Amended Motion for Default Judgment to the time the court granted the Motion – more than enough time to file a two-page Crossclaim against White containing a single count of negligence, or to submit anything in opposition to the matter. *See* doc. 11.

The court must determine whether an insurer is liable for the actions of a tortfeasor before determining whether an injured party can recover from the insurer. In this case, Integon sought a declaratory judgment against White, and supported its Complaint with applicable language from the insurance policy. White failed to respond. Consequently, a declaratory judgment in Integon's favor was proper.

The Intervenor-Defendants' Motion to Set Aside or Amend Judgment (doc. 12) is **DENIED**. Because the Crossclaim against White was filed after the court entered default judgment, this case was closed when the Crossclaim was entered on the docket. Accordingly, the

---

[1] The court finds persuasive the arguments set forth in Integon's Response (doc. 13) and Renewed Motion to Strike (doc. 14). In essence, the court agrees that the issues presented in the Intervenor-Defendant's Motion to Set Aside Judgment and Crossclaim are untimely and beyond the scope of this action.

Crossclaim (doc. 11) is **DISMISSED as MOOT**.  The Intervenor-Defendants are free to pursue that claim in a separate action.

      DONE and ORDERED this 7th day of July, 2006.

_/s/ Karon O. Bowdre_
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE